IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terron Gerhard Dizzley,<br><br>Plaintiff,<br>v.<br><br>Erin Bailey, Jimmy Richardson, Bryan Stirling, Joel Anderson,<br><br>Defendants. | Case No. 8:26-cv-02266-SAC<br><br>**OPINION AND ORDER** |

This matter is before the Court on Plaintiff Terron Gerhard Dizzley's Motion to Amend Judgment; Findings of Facts and Conclusions of Law, and Reconsideration ("Motion to Amend Judgment") on August 10, 2026. ECF No. 19. For the reasons stated below, the Motion is DENIED.

## BACKGROUND

Plaintiff, proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. §1983, alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2)(e), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings. On June 8, 2026, and June 9, 2026, Plaintiff filed a motion for leave to proceed *in forma pauperis* and supporting memorandum, respectively. ECF Nos. 2; *see also* ECF No. 1-1. The Magistrate Judge issued a Report and Recommendation ("Report") that recommended denying the motion and dismissing the case unless Plaintiff timely paid the filing fee. ECF No. 9. Plaintiff did not file objections to the Report. The Report found, and this Court agreed, that Plaintiff was subject to the "Three Strikes Rule" of the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 132-71 (1996) and his claims did not satisfy the "imminent danger of serious physical injury" exception under 28 U.S.C. §1915(g) to allow him

to proceed *in forma pauperis*. ECF Nos. 9; 17.

In its Order accepting the Report, entered on July 17, 2026, this Court advised Plaintiff he had twenty-one (21) days from the date of the Order to pay the four hundred and five dollar ($405.00) filing fee. ECF No. 17 at 2. If Plaintiff failed to pay the filing fee within the specified time, this Court warned the case would be dismissed without prejudice. *Id.* To date, Plaintiff has not paid the requisite filing fee.

Instead, Plaintiff brings the instant Motion to Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 19. He avers the Court failed to state findings of fact and conclusions of law separately in compliance with Rule 52(a)(1), objects to "misleading" statements in the Report, and again enumerates why he believes he meets the imminent danger exception. *Id.*

**STANDARD OF REVIEW**

Motions to alter or amend a judgment pursuant to Rule 59(e) are appropriately granted in narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Hutchinson*, 994 F.2d at 1082 (stating "mere disagreement does not support a Rule 59(e) motion") (citation omitted). A motion to alter or amend a judgment "is an extraordinary remedy which should be used sparingly." *Pac. Ins. v. Am. Nat'l Fire Ins.*, 148 F.3d 396, 403 (4th Cir. 1998).

## ANALYSIS

Plaintiff does not argue there has been an intervening change of controlling law or ask the Court to account for new evidence. *See generally* ECF No. 19. Rather, Plaintiff argues there was a clear error of law and the judgment should be reconsidered to prevent an alleged manifest injustice. *See id.* Plaintiff contends the Court's order should be reconsidered because, by failing to make specific findings of fact and stating its conclusions of law separately, the Court did not comply with Rule 52(a)(1). Plaintiff misconstrues this rule. Rule 52(a)(1) requires a district court, "[i]n an action **tried on** the **facts** without a jury or with an advisory jury, [to] find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1) (emphasis added). Because this action did not go to trial, Rule 52(a)(1) is inapplicable. Even if it were applicable, the Court did make findings of fact and conclusions of law by adopting and incorporating the Report. *Cf. Yates v. Mobile Cnty. Pers. Bd.*, 719 F.2d 1530, 1532–33 (11th Cir. 1983) (finding when a magistrate's report clearly indicates what influenced their recommendation, the court sees "no necessity for a trial judge to repeat the procedure if he is entering an order confirming and adopting the recommendation."); *Diamond v. Colonial Life & Acc. Ins.*, 416 F.3d 310, 316 (4th Cir. 2005) ("In the absence of "specific written objection," the district court was free to adopt the magistrate judge's recommendation on the retaliation claim without conducting a de novo review."); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (rejecting a plaintiff's claims that the district court accepting a report and recommendation is "bound, at least, to review the factual and legal basis of his action and point out the controlling legal authorities."). Accordingly, the Court has identified no clear error or manifest injustice warranting reconsideration.

The Court further rejects Plaintiff's other arguments which merely attempt to relitigate why

the imminent danger exception to the Three Strike Rule applies to his case. *Compare* ECF No. 1-1 at 1-23 *with* ECF No. 19 at 9-11. The Court also rejects Plaintiff's remaining arguments challenging the Report's findings because Plaintiff could have been raised before entry of judgment. *See* ECF No. 19 at 2-10; *see also* ECF No. 9 at 10 (notifying Plaintiff of his right to file specific written objections to the Report). These arguments are not appropriate under Rule 59. *See Melendez v. Sebelius*, 611 F. App'x 762, 764 (4th Cir. 2015) (affirming the district court's denial of a Rule 59(e) motion raising additional arguments to support plaintiff's position which could have been raised earlier).

**CONCLUSION**

Based on the above, Plaintiff's Motion for Reconsideration, ECF No. 19, is **DENIED**. Additionally, because Plaintiff has failed to pay the requisite filing fee within the time directed by this Court's previous Order, Plaintiff's Complaint, ECF No. 1, is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

United States District Judge

September 30, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.